## Carl P. WAKLEY, Petitioner,

v.

### OFFICE OF PERSONNEL MANAGEMENT,
### Respondent.

No. 01–3183.

United States Court of Appeals, Federal Circuit.

Oct. 4, 2001.

Before CLEVENGER, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Carl P. Wakley is a mail processor who works for the United States Postal Service. He seeks review in this court of the final decision of the Merit Systems Protection Board ("Board"), which affirmed the decision of the Office of Personnel Management ("OPM") denying his application for disability retirement benefits. *Wakley v. Office of Pers. Mgmt.*, No. AT844E000203–I–1 (Jan. 3, 2001). We *dismiss* Mr. Wakley's petition for review.

I

After 14 years of government service in the Postal Service, Mr. Wakley filed an application for disability retirement benefits, citing a number of adverse medical conditions ranging from problems with his back to ingrown toenails. In order to qualify for disability retirement benefits, a federal employee must prove entitlement to such benefits by a preponderance of the evidence. Mr. Wakley had to prove that he is disabled for useful and efficient service in the position he last occupied, 5 C.F.R. § 844.103(a)(2) (2001), and that accommodation in that position would be unreasonable, and that he is not qualified for reassignment to a vacant position at the same grade or level in which he would be able to perform useful and efficient service. 5 U.S.C. § 8451(a)(2) (2000). The ultimate decision as to whether a person has successfully established disability qualifying for disability retirement benefits is fact-intensive, involving, *inter alia,* clinical findings, diagnoses, expert opinions and evidence showing that the adverse conditions impair the person's ability to perform his assigned work.

In this case, OPM assessed Mr. Wakley's alleged impairments and concluded that he had failed to prove entitlement to disability retirement benefits. He appealed that decision to the Board, and an Administrative Judge of the Board carefully reviewed the evidence offered by Mr. Wakley to prove his case. The Administrative Judge concluded that despite Mr. Wakley's many pains and sores, he had not produced any evidence from any doctor indicating that he cannot perform his duties, despite his pains and sores, taken individually and in combination. The Administrative Judge therefore affirmed OPM's denial of Mr. Wakley's request for disability retirement benefits.

Mr. Wakley then petitioned the full Board for review of the adverse initial decision by the Administrative Judge. The full Board denied that request, making the initial decision final for purposes of review by this court. Mr. Wakley then petitioned for review in this court.

## II

■ We must affirm a final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). Mr. Wakley has had a full review of the facts of his case by the Board, and he has been unsuccessful there. The Supreme Court has decided that our authority to review the Board's decision is quite limited and narrow. We are not empowered to review the evidence offered by Mr. Wakley to prove entitlement to disability retirement benefits. The Supreme Court has limited our authority to determining whether any grave procedural error exists in the process by which the Board decided that the facts are not in Mr. Wakley's favor. These restrictions on our scope of review are set forth in *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985).

■ Therefore, the only issue that we can address is whether any grave procedural error exists in the process by which the Board concluded that Mr. Wakley is not entitled to the benefits he seeks. On this point, Mr. Wakley conceded that he had been given a full and fair hearing when he answered "No" to the question whether he had been denied any procedures during his appeal that relate to the fairness of the Board's adjudication of his claim. In his petition for review in this court, Mr. Wakley does not assert procedural error; instead he seeks our review of the facts, hoping that we would disagree

with the Board on the medical merits of his case. As noted above, the Supreme Court has denied us the authority to consider the merits of whether Mr. Wakley's condition warrants disability retirement benefits.

Because Mr. Wakley presents an issue which we lack authority to consider, we lack jurisdiction to consider his contentions. We therefore dismiss his petition for review.